UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTO LOPEZ, | No. 2:13-cv-2510 MCE GGH P |
| Petitioner, | |
| v. | ORDER |
| KEVIN CHAPPELL, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition pursuant to 28 U.S.C. Section 2254. On April 2, 2014, this court issued an order to show cause for his failure to oppose respondent's motion to dismiss. On April 14, 2014, petitioner filed a response, stating that he is currently in Administrative Segregation, and that he needs help to do his legal work, but does not know what to do. The court construes these statements to indicate a desire to respond to the motion to dismiss. However, if petitioner does not respond to the motion to dismiss, and the case is dismissed, it may be very difficult to refile at a later time. Moreover, the principles expressed below may have application to the motion to dismiss. Petitioner is therefore advised of certain principles which permit tolling of the statute of limitations.

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

/////

1

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The AEDPA statute of limitations is statutorily tolled during the pendency of any "properly filed" state collateral attack on the judgment. 28 U.S.C. § 2244(d)(2); Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir.1999). Furthermore, the intervals between stages of California's "unusual system of collateral review" will toll the federal limitations period as long as the intervals are each of reasonable duration. Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010).

The United States Supreme Court has confirmed that the AEDPA statute of limitations "is subject to equitable tolling in appropriate cases." Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010); see also Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011). Indeed, because 28 U.S.C. § 2244(d) is not jurisdictional, it is "subject to a 'rebuttable presumption' in favor of 'equitable tolling.'" Holland, 130 S. Ct. at 2560, quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95-96 (1990); see also Lee v. Lampert, 653 F.3d 929, 933 (9th Cir. 2011) (en banc). A petitioner seeking equitable tolling bears the burden of showing (1) that he diligently pursued his rights and (2) that an extraordinary circumstance prevented a timely filing. Holland, 130 S. Ct. at 2562; Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009). The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." See Holland, 130 S. Ct. at 2565; see also Bills v. Clark, 628 F.3d 1092, 1096 (9th Cir. 2010). As to the

extraordinary circumstances required, the Ninth Circuit has held that the circumstances alleged must make it impossible to file a petition on time, and that the extraordinary circumstances must be the cause of the petitioner's untimeliness.  See Bills, 628 F.3d at 1097, citing Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir.2003).  This is a very high threshold, "lest the exceptions swallow the rule."  See Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).  In addition, '[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may be appropriate.'"  Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002), quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  Whether a prisoner is entitled to equitable tolling under AEDPA will depend on a fact-specific inquiry by the habeas court which may be guided by "decisions made in other similar cases."  Holland, 130 S. Ct. at 2563; see also Spitsyn, 345 F.3d at 799; Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (per curiam).

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner's response, filed April 14, 2014, (ECF No. 15), is construed as a request for extension of time in which to file an opposition to respondent's motion to dismiss, and is granted;

2. Petitioner shall file an opposition to respondent's motion to dismiss within forty-five (45) days of this order.  Petitioner is cautioned that failure to file an opposition to the pending motion to dismiss will result in a recommendation that this action be dismissed.

Dated: April 29, 2014

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Lope2510.111

3